## JOHN RUTLEDGE v. THE STATE.

John Rutledge and one P., were sureties on a bond. The bond was forfeited, and a *scire facias* was issued and placed in the hands of the sheriff, who made return of service on the defendant John Rutledge. A party named John Rutledge appeared and pleaded *non est factum.* The court below refused to allow him to impeach the judgment *nisi*, by his plea of *non est factum,* without first showing that he was the person on whom the *scire facias* was served ; and as he failed to do this, judgment absolute was rendered. *Held* not to be error ; the record shows a good and valid judgment against John Rutledge, and if the execution issues against the wrong person, his remedy is by injunction.

APPEAL from DeWitt. Tried below before the Hon. Wesley Ogden.

There is no occasion for a statement of facts.

*J. H. Burts*, for appellant.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J.   The appellant in this case appeals from a judgment on a forfeited bond.

There may be some doubt as to whether the man who was served with process is really the same person who became security for the appearance of Roland, the principal.

The record, however, recites that the parties appeared by attorney.   The party intended is the party who entered into the recognizance; and if there is a mistake, the judgment may be enjoined if it has gone against the wrong party.   But the record does not show that the John Rutledge, who appeals in this case, is not 'the person who is really bound by the recognizance; and we think the court ruled properly, that before the appellant could introduce evidence to impeach the judgment *nisi*, he was bound to show by positive proof that he was the party who had been served by process.   The whole record, taken together, while it shows a good and valid judgment against John Rutledge, seems to raise a presumption that the man who appeared in court, in answer to the *scire facias*, may not have been the same who entered into the recognizance. Either the party himself or his attorneys may not have acted with candor before the court; but we do not see, under the circumstances, the court could have acted differently.

The bills of exception are not well taken, nor can we sustain the appellant in his assignments of error.

If, under this judgment, execution should be issued against an improper person, he may have his remedy by injunction. But a court of equity will be slow in interposing relief to a party who is guilty of an attempt at fraud, such as that of personating another in a court of justice, for the purpose of defeating the due administration of the law.

The judgment of the District Court is affirmed.

Affirmed.